**CIRCUIT COURT FOR CHARLES COUNTY**
**MARYLAND**
200 Charles Street, La Plata, Maryland, 20646
Main: 301-932-3201

**To:** WAL-MART, INC.
SERVE: THE CORPORATION TRUST, INC
2405 YORK ROAD SUITE 201
LUTHERVILLE TIMONIUM, MD 21093

**Case Number:** **C-08-CV-24-000116**
**Other Reference Number(s):**
**Child Support Enforcement Number:**

**DOLLY ALEXANDER VS. WAL-MART, INC., ET AL.**

Issue Date: 4/26/2024

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

DOLLY ALEXANDER
27052 SPRAGUE DRIVE
WALDORF, MD 20601

This summons is effective for service only if served within 60 days after the date it is issued.

Lisa E. Yates
Lisa E. Yates
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).



Exhibit A

Circuit Court for Charles County

**Dolly Alexander vs. Wal-Mart, Inc., et al.** **Case Number: C-08-CV-24-000116**

## SHERIFF'S RETURN
**(please print)**

To: WAL-MART, INC.

______________________ ID# __________ of the ____________________
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served ______________________________
Name of person served

on ______________________ at ______________________
Date of service Location of service

______________________ by ______________________ with the following:
Manner of service

- ☐ Summons
- ☐ Complaint
- ☐ Motions ______________________
- ☐ Petition and Show Cause Order
- ☐ Other ______________________ Please specify
- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories

(2) Was unable to serve because:

- ☐ Moved left no forwarding address
- ☐ No such address
- ☐ Address not in jurisdiction
- ☐ Other ______________________ Please specify

Sheriff fee: $ ______________________ ☐ waived by ______________________

______________ ______________________
Date Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

IN THE CIRCUIT COURT FOR CHARLES COUNTY
(City or County)

# CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

## DIRECTIONS

***Plaintiff:*** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

***Defendant:*** You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT CASE NUMBER ______ (Clerk to insert)

**CASE NAME:** Dolly Alexander (Plaintiff) vs. Wal-Mart, Inc. (Defendant)

PARTY'S NAME: Dolly Alexander PHONE: ______

PARTY'S ADDRESS: 27052 Sprague Drive Waldorf, MD 20601

PARTY'S E-MAIL: dollydevoe@yahoo.com

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Christopher Murphy PHONE: 301-932-9997

PARTY'S ATTORNEY'S ADDRESS: 8 Post Office Road, Waldorf, MD 20602

PARTY'S ATTORNEY'S E-MAIL: Murphy@dcmdlaw.com

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known: ______

**ANTICIPATED LENGTH OF TRIAL?:** ______ hours ______ days

## PLEADING TYPE

**New Case:** ☒ Original ☐ Administrative Appeal ☐ Appeal

**Existing Case:** ☐ Post-Judgment ☐ Amendment

*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

## IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint – DOB of Youngest Plt:______
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Worker's Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance
- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. – Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Financial Exploitation
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☐ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000 ☐ $10,000 - $30,000 ☐ $30,000 - $100,000 ☒ Over $100,000

☐ Medical Bills $ ____________ ☐ Wage Loss $ ____________ ☐ Property Damages $ ____________

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☒ Yes ☐ No
B. Arbitration ☐ Yes ☒ No
C. Settlement Conference ☒ Yes ☐ No
D. Neutral Evaluation ☐ Yes ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL.***

***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less
☐ 1 day of trial time
☐ 2 days of trial time
☐ 3 days of trial time
☐ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,** if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❒ **Expedited** - Trial within 7 months of Defendant's response

❒ **Standard** - Trial within 18 months of Defendant's response

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ❒ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❒ Civil-Short | Trial 210 days from first answer. |
| ❒ Civil-Standard | Trial 360 days from first answer. |
| ❒ Custom | Scheduling order entered by individual judge. |
| ❒ Asbestos | Special scheduling order. |
| ❒ Lead Paint | Fill in: Birth Date of youngest plaintiff_______________. |
| ❒ Tax Sale Foreclosures | Special scheduling order. |
| ❒ Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ❒ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❒ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❒ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❒ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

________________________________
Date

________________________________
Signature of Attorney / Party — Attorney Number

8 Post Office Road
Address

________________________________
Printed Name

Waldorf — MD — 20602
City — State — Zip Code

**IN THE CIRCUIT COURT OF MARYLAND FOR CHARLES COUNTY**

| | | |
|---|---|---|
| **DOLLY ALEXANDER**<br>27052 Sprague Drive<br>Waldorf, MD 20601 | * | |
| **Plaintiff** | * | |
| **v.** | * | **Case No.** |
| **WALMART, INC.**<br>Trading as Wal-Mart Store<br>11930 Acton Lane<br>Waldorf, MD 20601 | * | |
| **Serve: The Corporation Trust, Inc.**<br>2405 York Road Suite 201<br>Lutherville Timonium, MD<br>21093-2264 | * | |
| **And** | * | |
| **GREGORY JAMES**<br>Wal-Mart<br>11930 Acton Lane<br>Waldorf, MD 20601 | * | |
| **Defendants** | * | |

* * * * * * * * * * * * *

**COMPLAINT**
**(Negligence– Personal Injury-Agency-Joint and Several Liability – Premises Liability - Jury Trial)**

Comes now Plaintiff, Dolly Alexander, by and through her attorneys, Christopher Murphy, and Alpert Schreyer, LLC, and sues the Defendants, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), and Gregory James, and avers and alleges the following:

**Count I**
**(Negligence - Personal Injury)**

ALPERT SCHREYER
8 Post Office Road
Waldorf, Maryland 20602
301-932-9997

1. Defendant Wal-Mart at all times pertinent herein, is a corporation doing

business in Maryland, and operates a retail store that carries on a business at 11930 Acton Lane, Waldorf, MD (hereinafter "the Waldorf Store").

2. Defendant Gregory James, at all times pertinent herein, was an employee of Walmart working at the Waldorf Store.

3. On March 5, 2021 at approximately 12:00 PM, a Wal-Mart employee believed to be Defendant Gregory James, was moving a long and over-loaded row of carts through the parking lot, blocking the safe designated pathway for customers to enter the store.

4. At or about that time, Plaintiff Ms. Dolly Alexander was attempting to enter Wal-Mart to do her shopping.

5. The employee separated the row of carts in an unsafe manner and directed Ms. Alexander to walk in between the two rows of carts.

6. As Ms. Alexander attempted to pass through the space as directed, the unsecured carts rolled with great force and struck Ms. Alexander causing severe and permanent injury to Ms. Alexander.

7. It was then and there the responsibility of Defendant Wal-mart to properly train and instruct their employees in policies and procedures related to the safe operation of carts on the premises.

8. It was then and there the responsibility of Defendant Wal-mart to oversee employees to guarantee that policies and procedures were followed.

9. It was then and there Defendant Gregory James' duty to follow policies and procedures in place related to the safe collection, loading, and movement of carts.

10. Notwithstanding the above duties, Defendant Wal-mart breached said duties and failed to properly instruct and train employees in how to safely operate carts to avoid

ALPERT SCHREYER
8 Post Office Road
Waldorf, Maryland 20602
301-932-9997

injuring customers.

11. Notwithstanding the above duties, Defendant Wal-mart breached said duty to oversee employees to make sure that policies and procedures were followed.

12. Notwithstanding the above duties, Defendant Gregory James breached his duty to follow policies and procedures in place regarding the safe operation of cart equipment and the safe movement of carts.

13. As a result of the Defendant's breach of their respective duties, Plaintiff Dolly Alexander suffered permanent and extensive injuries which necessitated treatment including multiple surgeries.

14. As a further result of the aforementioned injury sustained by the Plaintiff, Dolly Alexander, the said Plaintiff has sustained extensive pain, suffering and emotional distress and may continue to endure extensive pain and suffering as well as emotional distress in the future.

15. The Plaintiff, Dolly Alexander, is required, and may well be required in the future, to incur medical treatment and medical expenses for the aforesaid injuries.

16. In addition to the aforementioned expenses, the Plaintiff, Dolly Alexander, expended substantial sums of money for transportation in order to go to and from said treatment.

17. All of the aforementioned injuries and expenses were the result of the Defendants' aforesaid negligence, which were sustained without any fault or negligence on the part of the Plaintiff, Dolly Alexander.

ALPERT SCHREYER
8 Post Office Road
Waldorf, Maryland 20602
301-932-9997

WHEREFORE, the Plaintiff Dolly Alexander claims compensatory damages in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000.00), plus interest and costs against the Defendant, Wal-Mart Stores, Inc.

**COUNT II**
(Premises Liability)

18. The averments of fact stated in Count I are adopted herein and made a part hereof as if fully set forth herein.

19. On or about March 5, 2021, the Plaintiff entered said premises for the purpose of selecting items and making purchases.

20. A Wal-Mart employee, believed to be Defendant Gregory James, was pushing a long and over-loaded row of carts through the parking lot, blocking the safe designated pathway for customers to enter the store.

21. The employee separated the row of carts in an unsafe manner and directed Ms. Alexander to walk in between the two rows of carts.

22. As Ms. Alexander attempted to pass through the space following the instructions of the employee, the unsecured carts rolled with great force and struck Ms. Alexander causing severe and permanent injury to Ms. Alexander.

23. Defendant Wal-Mart knew or should have known of the danger that improper operation of carts and cart equipment can cause to customers.

24. Defendant Wal-Mart failed to properly train its employees in the safe operation of carts to avoid the dangers created by improper operation of carts and cart equipment.

25. Defendant Wal-Mart failed to protect Ms. Dolly Alexander from the negligent operation of carts by its employee Gregory James.

ALPERT SCHREYER
8 Post Office Road
Waldorf, Maryland 20602
301-932-9997

26. It was then and there the duty and responsibility of the Defendant, Wal-Mart and the Defendant's employees, to properly follow safety policies and procedures with regard to cart handling to those who were invited to use the premises or who were otherwise legally on the premises, including the Plaintiff, of the dangerous condition on the premises.

27. The Defendant, and its employees, failed to fulfill the above duties and responsibilities by failing to follow safety procedures.

28. As a direct and proximate result of the negligence of the Defendant, Wal-Mart, and its employees, the Plaintiff was struck by said carts, causing her to suffer injuries.

29. As a direct and proximate result of the negligence of the Defendant, and its employees, the Plaintiff suffered, is suffering, and will continue to suffer severe and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused, are causing, and will continue to cause her great pain and mental anguish.

30. As a direct and proximate result of the negligence of the Defendant, and its employees, the Plaintiff has been forced to lose time from her usual activities, duties and pursuits and was and will be caused to suffer a loss of wage-earning capacity.

31. As a direct and proximate result of the negligence of the Defendant, and its employees, the Plaintiff has been forced to expend large sums of money for medical care and treatment of injuries which she sustained, and will continue to be forced to expend large sums of money for such medical care and treatment in the future.

WHEREFORE, the Plaintiff, Dolly Alexander, claims compensatory damages in an amount which exceeds Seventy-Five Thousand Dollars and 00/100 ($75,000.00), plus interest and costs against the Defendant, Wal-Mart Stores, Inc.

ALPERT SCHREYER
8 Post Office Road
Waldorf, Maryland 20602
301-932-9997

ALPERT SCHREYER, LLC

*/s/ Christopher F. Murphy*
Christopher Murphy, #1012150292
8 Post Office Road
Waldorf, Maryland 20602
(301) 932-9997
Attorney for Plaintiff

**JURY DEMAND**

The Plaintiff requests that their action be tried before a jury.

*/s/ Christopher F. Murphy*
Christopher F. Murphy, Esq.

ALPERT SCHREYER
8 Post Office Road
Waldorf, Maryland 20602
301-932-9997