UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| DOLLY ALEXANDER, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:24-cv-01410-AAQ |
| WALMART, INC., et al. | * | |
| Defendants | * | |

## MEMORANDUM OPINION AND ORDER

This is a case concerning injuries a customer allegedly suffered after a line of shopping carts hit her. Pending before the Court is Defendant Walmart, Inc.'s ("Walmart") Motion to Dismiss for Fraudulent Joinder and Failure to State a Claim and Plaintiff Dolly Alexander's Motion to Remand this case back to Maryland state court. ECF Nos. 2 & 15. The gravamen of Defendant's Motion is that Plaintiff improperly sued Defendant Gregory James, in addition to Walmart, to avoid removal to federal court, as exemplified by Plaintiff's failure to demand in her Complaint that Mr. James pay any damages. Contrary to the cases on which Walmart relies, Plaintiff's injuries, as alleged, arise out of both Walmart and Mr. James's conduct. For these reasons and the additional reasons stated below, Defendant's Motion to Dismiss shall be denied and Plaintiff's Motion to Remand shall be granted.

## BACKGROUND

According to the facts as alleged in Plaintiff's Complaint, on March 5, 2021, Dolly Alexander attempted to enter a Walmart retail store in Waldorf, Maryland at approximately 12:00 P.M. Eastern Standard Time. ECF No. 3, at 2. At or around the same time, Mr. James, a Walmart employee, "was moving a long and over-loaded row of carts through the parking lot, blocking the

1

safe designated pathway for customers to enter the store." *Id*.  As Plaintiff was walking past, Mr. James separated the line of carts and directed Plaintiff to walk through the opening he had created. *Id*.  However, according to Plaintiff, a number of carts which had not been properly secured rolled off and struck her. *Id*.  As a result, she suffered unspecified permanent injuries. *Id*.

Plaintiff initially filed suit in the Circuit Court of Maryland for Charles County, naming as Defendants both Walmart and Mr. James–a Maryland resident. *Id.* at 1.  The first count of the Complaint alleged that both Walmart and Mr. James acted negligently. *Id.* at 1-3.  As to Mr. James, the first count specifically alleged that:

- It was "Defendant Gregory James' duty to follow policies and procedures in place related to the safe collection, loading, and movement of carts;" and

- "Defendant Gregory James breached his duty to follow policies and procedures in place regarding the safe operation of cart equipment and the safe movement of carts."

*Id.* at 2-3.  Plaintiff also included a second premises liability count against only Walmart, arising from its alleged failure to provide Plaintiff a safe space in which to shop. *Id.* at 4-5.  In relief, Plaintiff specifically sought an amount in excess of $75,000 from Walmart. *Id.* at 5.

On May 15, 2024, Walmart filed a Notice of Removal from Charles County Circuit Court to this Court.  ECF No. 1.  In its Petition in Support of Removal, Walmart acknowledged that Mr. James was a resident of Maryland, but asked the Court to disregard this fact because:

> Gregory James has been fraudulently joined in this matter and there is no possibility of establishing, under Maryland law, the causes of action pled against him. Defendant, Gregory James has not been served, and the Complaint does not demand judgment against Mr. James.  Mr. James was named as a defendant solely to defeat diversity of citizenship.

*Id.* at 2.  Consistent with its Petition, on the same day, Walmart filed a Motion to Dismiss raising these arguments.  ECF No. 2.  The Motion has since been fully briefed.  ECF Nos. 13 & 14.

Additionally, on September 19, 2024, Plaintiff filed her Motion for Remand in which she reiterated her arguments as to why Walmart's Motion to Dismiss should be denied.  ECF No. 15.  Walmart has since filed an Opposition to Plaintiff's Motion.  ECF No. 16.

### STANDARD OF REVIEW

The "fraudulent joinder" doctrine "permits removal [to federal court] when a non-diverse party is (or has been) a defendant in the case."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).  Fraudulent joinder applies when there is "either outright fraud in the plaintiff's pleading of jurisdictional facts, or . . . there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, . . . even after resolving all issues of law and fact in the plaintiff's favor."  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks, citation, and emphasis omitted); *id.* at 426 ("slight possibility of a right to relief" is sufficient to obtain remand to state court).

When a party argues that fraudulent joinder excuses the presence of non-diverse parties, he "bears a heavy burden."  *Johnson v. American Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Hartley*, 187 F.3d at 424).  The standard for assessing fraudulent joinder is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss."  *Id.* (quoting *Hartley*, 187 F.3d at 424).  "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor."  *Mayes*, 198 F.3d at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993)).  The plaintiff's claim at issue "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted."  *Marshall*, 6 F.3d at 232–33.  As the United States

Court of Appeals for the Fourth Circuit has explained, this "no possibility" standard "heavily favors the [plaintiff], who must show only a 'glimmer of hope' of succeeding against the non-diverse defendants." *Johnson*, 781 F.3d at 704 (quoting *Mayes*, 198 F.3d at 466); *Barlow v. John Crane-Houdaille, Inc.*, Nos. WDQ-12-1780, WDQ-12-1781, 2015 WL 11070882, at *6 (D. Md. Oct. 8, 2015) (explaining that the suits were properly remanded "because the possibility of the Plaintiffs' exposure to asbestos at their respective worksites provided more than a 'glimmer of hope' of recovery under the Fourth Circuit's fraudulent joinder test"). In evaluating a claim of fraudulent joinder, the court may consider the entire record and use any means available to determine the basis of such joinder. *Mayes*, 198 F.3d at 464.

## ANALYSIS

As Walmart acknowledges, its Motion does not allege fraud in Plaintiff's pleading, but rather proceeds on the alternative grounds that she has failed to establish even the possibility of relief against Mr. James. ECF No. 2-1, at 3. Contrary to Walmart's argument, Plaintiff has pled a claim sufficient to establish the possibility of relief against Mr. James.

In contrast with the cases on which Walmart primarily relies, *id.* at 5, Plaintiff has alleged that Mr. James was directly involved in the underlying incident in the case, taking specific actions which immediately led to Plaintiff's injury. Plaintiff alleges that Mr. James was pulling the carts which ultimately struck Plaintiff. ECF No. 3, at 2-3. Upon seeing Plaintiff, he stopped, separated the carts, directed Plaintiff to walk through them and then as a result of the negligent manner in which he had secured the carts, one of the carts struck the Plaintiff causing her injury. *Id.* Accordingly, Plaintiff's Complaint includes not only a premises liability count against Walmart, but a specific, separate count alleging that Mr. James was negligent in the way he handled the

shopping carts which ultimately struck Plaintiff.  These allegations meet the low standard required to defeat a motion for fraudulent joinder.

Plaintiff's allegations far exceed those in which this and other courts have found that a Plaintiff fraudulently joined an individual defendant because there was no possibility of relief.  *See Fish v. Cincinnati Ins. Co.*, 451 F.Supp.3d 430, 435-36 (D. Md. Apr. 2, 2020) (concluding that plaintiff could not have a valid claim for breach of a duty to procure insurance where the second defendant conceded that a valid insurance contract had been procured); *Gordon v. Hartford Fire Ins. Co.*, 105 F. App'x 476, 481 (4th Cir. 2004) ("[E]ach count of the complaint pertains solely to [corporate defendant's] alleged failure to pay out under the surety bond and . . . policy.  [Plaintiff] seeks no relief whatsoever from the [other] defendants in this suit. . . .   There appears to be no reason to include the [other] defendants in this lawsuit, other than to defeat diversity jurisdiction."); *Eremah v. Assurity Life Ins. Co.*, No. DKC-20-2069, 2020 WL 6544833, at *6 (D. Md. Nov. 6, 2020) ("the only unfair trade practice alleged [was] the failure to settle a claim.  That ha[d] nothing to do with the initiation of the policy by [individual defendant]. The lack of allegations concerning him in this cause of action justifies finding fraudulent joinder."); *Amtote Int'l, Inc. v. Trot*, No. WMN-05-2561, 2005 WL 8174461, at *4 (D. Md. Dec. 21, 2005) ("In light of the uncontested evidence that [Defendant] could not have benefitted from services provided by Plaintiff . . . , the Court finds that this party was fraudulently joined in this action and that removal was proper.").

The inclusion of allegations regarding specific actions that the individual defendant took directly resulting in immediate injury to Plaintiff distinguishes it from the cases Walmart cites in which a plaintiff named an individual as a defendant solely because they were a manager at the location of the accident.  *See Williams v. Home Props., L.P.*, No. MJG–13–2947, 2013 WL 6909429, at *2 (D. Md. Dec. 30, 2013) (granting fraudulent joinder motion where: "[Plaintiff]

5

alleges no specific negligence on the part of [individual defendant] that would be a cause of the infestation. The mere fact that [individual defendant] was the property manager would not render her personally responsible for every failure of other employees or of independent contractors of [corporate defendant] to sanitize the Apartment.").

For example, in *Wecker v. Home Depot*, No. MJG–14–377, 2014 WL 1370331, at *2 (D. Md. April 4, 2014), on which Walmart relies, Plaintiff alleged that while shopping at Home Depot, he "needed to secure a product that was out of reach." Complaint at 3, *Wecker*, No. MJG-14-377 (D. Md. Feb. 7, 2014), ECF No. 2. Plaintiff acknowledged, "there were no employees in the aisle or the immediate vicinity[.]" *Id.* Nonetheless, Plaintiff sought relief against both the store and its manager. *Id.* The sole allegation against the manger was not based on specific actions that the individual manager took, but rather was derivative of the claim against the store:

> [The manager] did not post any warnings concerning the ladder's potential to tilt while being used as intended and did not direct any other employee to post any such warnings or even advise for any patron to consult with any employee before using the ladder.

*Wecker*, 2014 WL 1370331, at *2 (quoting *id.* at 4). Accordingly, the Court found that there was no possibility that plaintiff could have recovered from the manager. *Id.*

Walmart's motion relies largely on Plaintiff's failure to specifically request that Mr. James individually pay any damages that a jury awards. ECF No. 2-1, at 4. That argument does not meet the heavy burden a moving party bears to establish fraudulent joinder.[1] As this Court has

---

[1] The sole case on which Walmart relies, *Early v. Early*, 659 A.2d 1334 (Md. 1995) did not involve a motion for fraudulent joinder, but rather concerned whether a court could alter a child support order where no modification had been sought. *See id.* at 657 ("The prerequisite of 'the filing of a motion for modification' was not met in this case. The circuit court had no authority to modify prospective child support or to retroactively modify support in the contempt proceeding."). Accordingly, the relevant question before the Court was not the same as the one presented here: whether the plaintiff's Complaint had established the possibility of relief against the individual

6

acknowledged, the reality is that if Mr. James was acting within the scope of his employment, it is likely that Walmart will pay any judgment against him. *See Aiello v. Supervalu, Inc.*, No. SAG–11–3177, 2011 WL 6180466, at *3 (D. Md. Dec. 12, 2011) ("The fact that [Defendant grocery stores] have relative financial strength and are likely to indemnify [individual Defendant] explains why most plaintiffs do not sue store employees or managers . . . "). If Plaintiff had failed to include other allegations against Mr. James, or if the allegations had left some question as to whether Mr. James was individually involved in Plaintiff's injury, this argument would be more persuasive. *See Bailey v. Deutsche Bank Trust Co.*, No. DKC-13–0144, 2013 WL 2903498, at *3 (D. Md. Jun. 12, 2013) (finding fraudulent joinder where "the complaint does not so much as mention 'Novastar Mortgage,' nor does it identify Novation as a parent corporation allegedly liable for the tortious conduct of its subsidiary. Rather, it seeks to hold Novation directly liable for alleged tortious conduct in a transaction in which, Plaintiff now acknowledges, it was not involved."). But where Plaintiff has included specific allegations directly involving actions the individual Defendant took and a claim arising specifically out of these actions, the failure to include a specific demand from the individual Defendant does not establish that there is no possibility of relief. *See In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implants Liab.*, No. CCB-19-372, 2019 WL 3980496, at *3 (D. Md. Aug. 22, 2019) (granting motion to remand where plaintiff pled that the individual defendant doctor's "off-label use of" a medical device "resulted in toxic metallosis and required revision surgery," because it connected the doctor's decision to the plaintiff's injury).

---

defendant. Further, the Court's decision was not based on precedent which this Court must adopt, but rather a statute governing the precise situation in that case, which imposed specific statutory requirements before the court could act. *See id.* at 656-57 (relying on Md. Code Ann. Fam. Law § 12-104).

Such is the case here.  Plaintiff plainly alleges that Mr. James's negligent conduct and lays plain the direct role that he played in Plaintiff's injury.

Because the Court lacks jurisdiction over the case, it cannot reach the remaining arguments in Plaintiff's Motion to Dismiss concerning Plaintiff's failure to state a claim.  See ECF No. 2-1, at 6-7.  Even were the Court to consider them and find some of them potentially meritorious, it would not require the Court to find that Mr. James was fraudulently joined–the relevant inquiry presently before the Court.  *Bendy v. C.B. Fleet Co.*, No. CCB–10–3385, 2011 WL 1161733 (D. Md. Mar. 28, 2011) ("the fact that Maryland courts are likely to dismiss [Plaintiff's] claims against [Defendant] is not sufficient for jurisdiction, given the Fourth Circuit's strict standard for fraudulent joinder.").  "Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends."  *Oxendine v. Merck & Co., Inc.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002).  Defendants may raise any arguments as to the sufficiency of the Complaint to plead a negligence claim or whether Mr. James was properly served in state court, after the case is remanded.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Defendant, Gregory James, for Fraudulent Joinder and Failure to State a Claim, ECF No. 2, is denied, and Plaintiff's Motion to Remand, ECF No. 15, is granted.  The Clerk's Office shall close the case.

So ordered.

Date:  October 25, 2024

                                                                                     /s/
                                                                   Ajmel A. Quereshi
                                                                   U.S. Magistrate Judge